UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16cv41-FDW

JAMES E. GILMOUR, )
 )
 Petitioner, )
 )
vs. ) **ORDER**
 )
HUBERT CORPENING, )
 )
 Respondent. )
 )

**THIS MATTER** is before the Court upon initial review of Petitioner James E. Gilmour's amended pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc No. 1.)

**I. BACKGROUND**

On August 14, 2003, Petitioner pled guilty in Transylvania County Superior Court to two counts of first-degree murder, two counts of first-degree kidnapping, one count of robbery with a dangerous weapon, and one count of conspiracy to commit first-degree murder. (Am. Pet.1, Doc. No. 3.) Petitioner was given two life-sentences. (Am. Pet., supra.) He did not file a direct appeal. (Am. Pet., supra, at 2.)

On July 10, 2015, Petitioner filed a motion for appropriate relief ("MAR") in the Transylvania County Superior Court. It was denied on the merits on August 24, 2015. (Order Den. MAR, Pet'r's Ex. 1, Doc. No. 1-1.) Petitioner then filed a petition for writ of certiorari in the North Carolina Court of Appeals seeking review of the denial of his MAR; his petition was denied on October 1, 2015. (Order Den. Cert. Pet., Pet'r's Ex. 2, Doc. No. 1-1.)

On February 23, 2016, this Court received Petitioner's unsigned Petition for Writ of Habeas Corpus. (Doc. No. 1.) It was returned to Petitioner with directions to sign it and return it

1

to the Court. (Doc. No. 2.) Petitioner did so on March 7, 2016. (Am. Pet., supra, at 15.)

**I.    STANDARD OF REVIEW**

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the petition. Id.

**III.   DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for § 2254 petitions. 28 U.S.C. § 2244(d)(1). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[1] § 2244(d)(1)(A). The limitations period is tolled during the pendency of a properly filed state post-conviction action. § 2244(d)(2).

Judgment was entered in this case on August 14, 2003. To the extent Petitioner retained a right to appeal his guilty pleas, he had fourteen (14) days to file a direct appeal in the North Carolina Court of Appeals, see N.C. R. App. P. 4(a)(2), which he did not do. Therefore, his convictions became final on or about August 28, 2003, when the time for seeking direct review expired. See § 2244(d)(1)(A). The federal statute of limitations then ran for 365 days until it fully expired on or about August 28, 2004. See id.

Petitioner's July 10, 2015 MAR and subsequent petition for writ of certiorari in the North Carolina Court of Appeals neither resurrected nor restarted the federal statute of limitations. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000). Thus, Petitioner's habeas petition is time-

---

[1] There are three exceptions to this starting date, see § 2244(d)(1)(B)-(D), none of which applies here.

barred and must be dismissed unless he can demonstrate that he is entitled to equitable tolling of the statute of limitations. See, e.g., Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (The Court may sua sponte dismiss a § 2254 petition without notice if "it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1).") Equitable tolling requires a showing "(1) that [the petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of filing a timely habeas petition. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (holding that equitable tolling of AEDPA's one year limitation period is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result").

Petitioner seeks equitable tolling on the grounds that his attorney did not tell him about the one-year statute of limitations and he (Petitioner) has no legal training. Taken separately or together, these circumstances do not qualify as "extraordinary." See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (holding that unfamiliarity with the legal process and lack of legal representation do not constitute grounds for equitable tolling) (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.")).

### IV.  CONCLUSION

The record shows no extraordinary circumstance or reasonable diligence on the part of Petitioner in pursuing his rights in state or federal court. As such, he is not entitled to equitable

tolling, and his petition will be dismissed as untimely.[2]

V.  **ORDER**

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. No 3) is **DISMISSED as untimely**; and

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: August 26, 2016

Frank D. Whitney
Chief United States District Judge

---

[2] The Court is aware of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that a court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed when justice requires it.  Here, however, such warning is not necessary because Petitioner addressed the statute of limitations issue in his § 2254 petition.  (Pet. 17, Doc No. 1.)

4